UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:                                                                   CASE NO.: 12-18449-EPK
                                                                         Chapter 13
PRISCILLA L. MELENDREZ,
    Debtor.
_____/

## MICHAEL LERMAN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND/OR FOR ADEQUATE PROTECTION

MICHAEL LERMAN (hereinafter referred to as "LERMAN"), by and through its undersigned counsel, hereby moves the Court pursuant to Federal Rules of Bankruptcy Procedure 4001-1(C) and 9014 to lift the automatic stay imposed by 11 U.S.C. Section 362(a) for cause under 11 U.S.C. Section 362(d), and in support of its motion states:

    1.    The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on April 6, 2012. The Debtor's Chapter 13 Plan was confirmed on August 2, 2012.

    2.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 157(b)(2)(A), (b)(2)(G) and 1334.

    3.    LERMAN is the owner of real property located at 1445 Scottsdale Road East, West Palm Beach, Florida, for which the Debtor is a tenant. The Debtor and LERMAN entered into a Lease with Purchase Option on July 2, 2011. A copy of the Lease with Purchase Option is attached hereto as Exhibit "A."

    4.    The Debtor is in default pursuant to the terms of the aforementioned lease based on arrearages that amount to $6,000.00 for post-petition rent. This Motion is filed to pursue all post-petition claims against the Debtor, and/or to obtain stay relief to proceed to obtain possession of the premises.

    5.    LERMAN is owed the sum of $6,000.00 with interest, late charges, attorney's fees and costs pursuant to the terms of the lease that is attached hereto as Exhibit "A".

Attached hereto as Exhibit "B" is an Affidavit detailing the amounts due to LERMAN. The breakdown of the rent and lease related charges, exclusive of attorneys' fees and costs, is as follows.

**Pre-petition Rent Due**

None.

**Post-petition Rent Due**

| | |
|---|---|
| May 1, 2012 | $1,500.00 |
| June 1, 2012 | $1,500.00 |
| July 1, 2012 | $1,500.00 |
| August 1, 2012 | $1,500.00 |
| **Total Rent Due** | **$6,000.00** |

6. LERMAN respectfully requests this Court enter an Order granting LERMAN full relief from the automatic stay to proceed to take action to obtain possession of the subject property through an eviction action to remove the Debtor and mitigate his damages.

7. LERMAN has not been offered, nor has received any acceptable adequate protection from the Debtor.

8. LERMAN will suffer irreparable damage if this Court does not grant relief from the automatic stay with respect to its rights in the subject property as the rent accrual is substantial and the creditor needs to mitigate its damages.

WHEREFORE, Creditor, MICHAEL LERMAN respectfully requests this Honorable Court enter an Order granting MICHAEL LERMAN full relief from the automatic stay to proceed with an action to obtain possession of the property and post-petition damages proceedings on the subject property, and/or require the Debtor to bring the rent payments current and continue making payments of at least the regular monthly payments, and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished via U. S. Mail to the parties on the attached listing this 7th day of August, 2012.

> KELLEY & FULTON, P.L.
> Counsel for Michael Lerman
> 1665 Palm Beach Lakes Blvd.
> The Forum - Suite 1000
> West Palm Beach, Florida 33401
> Telephone No.:  (561) 491-1200
> Facsimile No.:  (561) 684-3773
>
> By:   /s/ Craig I. Kelley
>       Craig I. Kelley, Esquire
>       Florida Bar No.: 782203

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David E. Hicks    courtinfo@bcylaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- K Drake Ozment    drake@drakeozment.com, drakeozmentlaw@gmail.com
- Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

AmeriCredit Financial Services, Inc.
POB 183853
Arlington, TX 76096

1) End of Lease Jan. 1 2012
2) Month to month until March 3 2012
3) March 3 Non Renewal of month to month sent.
4) April 26th eviction filed.
   Case # 2012 CC 005382 XXXX MB.
   Tenant says they released money all I have to do is do a "Notice of Voluntary Dismissal" to get money. This was done June 12th, 2012.

\* No money received to date from April 1 to present 3½ months +

Filed chapt 13 4/6/2012
Judge handling eviction sent Bankruptcy letter 5/8/2012

Called PBPZ on leaks

repaired got ok letter

leaking again
sent 7 Day Notice to cure


Michael Lerman is not listed on their list as a creditor

A237-10
R237-04

# LEASE WITH PURCHASE OPTION

BY THIS AGREEMENT made and entered into on _July 2_, _2011_ (year), between _Michael R Cermica_ _@ 44 Ohio Rd, Lake Worth Fl 53467_ herein referred to as Lessor, and _Prucilla Melendez_ _1445 Scottsdale Rd · "E"_, herein referred to as Lessee, Lessor leases to Lessee the premises situated at _____, in the City of _WPB_, County of _Palm Beach_ State of _Florida_, and more particularly described as follows:

together with all appurtenances, for a term of _6 mo_ ~~years~~, to commence on _July 15_, _2011_ (year), and to end on _Jan 1st_, _2012_ (year), at _12_ o'clock _P_. m.

1. **Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of _fifteen hundred_ Dollars ($ _1500.00_ ) per month in advance on the _1st (First)_ day of each calendar month beginning _August 1_, _2011_ (year), payable at _44 Ohio Rd L.W Fl_, City of _____, State of _____, or at such other place as Lessor may designate. _33467_

2. **Security Deposit.** On execution of this lease, Lessee deposits with Lessor _fourteen hundred_ Dollars ($ _1400 00/100_ ), receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, on the full and faithful performance by him of the provisions hereof.

3. **Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

4. **Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as _____, and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for any other purpose. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the term of this lease.

5. **Condition of Premises.** Lessee stipulates that he has examined the demised premises, including the grounds and all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and in a safe, clean, and tenantable condition.

6. **Assignment and Subletting.** Without the prior written consent of Lessor, Lessee shall not assign this lease, or sublet or grant any concession or license to use the premises or any part thereof. A consent by Lessor to one assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment, subletting, concession, or license. An assignment, subletting, concession, or license without the prior written consent of Lessor, or an assignment or subletting by operation of law, shall be void and shall, at Lessor's option, terminate this lease.

7. **Alterations and Improvements.** Lessee shall make no alterations to the buildings or the demised premises or construct any building or make other improvements on the demised premises without the prior written consent of Lessor. All alterations, changes, and improvements built, constructed, or placed on the demised premises by Lessee, with the exception of fixtures removable without damage to the premises and movable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the demised premises at the expiration or upon sooner termination of this lease.

8. **Damage to Premises.** If the demised premises, or any part thereof, shall be partially damaged by fire or other casualty not due to Lessee's negligence or willful act or that of his employee, family, agent, or visitor, the premises shall be promptly repaired by Lessor and there shall be an abatement of rent corresponding with the time during which, and the extent to which, the leased premises may have been untenantable; but, if the leased premises should be damaged other than by Lessee's negligence or willful act or that of his employee, family, agent, or visitor to the extent that Lessor shall decide not to rebuild or repair, the term of this lease shall end and the rent shall be prorated up to the time of the damage.

9. **Dangerous Materials.** Lessee shall not keep or have on the leased premises anything of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the leased premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

10. **Utilities.** Lessee shall be responsible for arranging for and paying for all utility services required on the premises, except that _____ shall be provided by Lessor.

11. **Maintenance and Repair.** Lessee will, at his sole expense, keep and maintain the leased premises and appurtenances in good and sanitary condition and repair during the term of this lease and any renewal thereof. In particular, Lessee shall keep the fixtures on or about the leased premises in good order and repair; keep the furnace clean; keep the electric bells in order; keep the walks free from dirt and debris; and, at his sole expense, shall make all required repairs to the plumbing, range, heating apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor. Major maintenance and repair of the leased premises, not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns. Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.

Date: March 19th, 2012

To:    Pricilla Melendez

You are notified that you are indebted to me in the sum of $1500.00 for the March 1st - April 1st lease payment for the property located at 1445 Scottsdale Road East, County of Palm Beach, Florida, now occupied by you.

I demand payment or possession of said premises within (3) days (excluding Saturdays, Sundays, and legal holidays) from the date of delivery of this notice.

To wit: on or before the March 22, 2012 by 12:00pm

*PLEASE GOVERN YOURSELF ACCORDINGLY!*

I certify that I served a true and correct copy of the foregoing Notice on the above named tenant(s) this 19th day of March 2012 at 11:30(a.m.)

X personally serving same upon said tenant.

___ posting same at the above described premises in the absence of said tenant,

Served by: Michael Lerman

Witnessed by: _____

Landlord: Michael Lerman
Address: 44 Ohio Road
         Lake Worth Fl 33467

Phone:   (561) 386-3104

CC to tenant email address

To: Pricilla Melendez                    Date: March 3, 2012

    1445 Scottsdale Road E

    West Palm Beach Fla 33417

This letter is to advise you that in accordance with paragraph <u>1</u> of your Residential lease agreement, the property owner, Michael Lerman is giving you official notice that your lease is expired.

You will be given the opportunity to remain as a month to month resident. If I don't have a pre qualifying letter from your bank or lending institution to purchase the home at the above mentioned address by April 1st 2012  Let this letter serve as a 30 day notice to vacate
YOU MUST MAKE ARRANGEMENTS TO VACATE THE PREMISES KNOWN AS "1445 Scottsdale Rd E "

If you fail to turn in the keys and do not vacate by the end of the day of May 1,2012, we shall have no alternative but to advise our attorney's office to proceed in regaining possession of your unit. Please read paragragh 17 "Default" in your lease agreement as far as lessor recovering fees court cost etc.

Please govern yourselves accordingly,


Property Owner:_____

            This notice has been served  by posting notice in absence of tenant

Order

# IN THE COUNTY OF THE FIFTEENTH JUDICIAL CIRCUIT
# IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. __2012CC005382XXXX MB__  PB

Plaintiff(s) __Michael Lerman__

-vs-

Defendant(s) __Pricilla Melendez__

COPY
COUNTY CIVIL DIVISON
APR 26 2012
SHARON R. BOCK
CLERK & COMPTROLLER
Palm Beach County

## COMPLAINT FOR TENANT EVICTION

### COUNT I – TO RECOVER POSSESSION

Plaintiff __Michael Lerman__ sues

Defendant __Pricilla Melendez__ and alleges:

1. This is an action to evict a tenant from real property in Palm Beach, Florida
2. Plaintiff owns the following described real property in the county:
   __1445 Scottsdale Road "E" in West Palm Beach Florida Palm Beach County. 33417__
3. Defendant has possession of the property under an ☐ oral ☒ written agreement to pay rent of $ __1500.00__ payable ☐ weekly ☒ monthly ☐ other _____.
4. Defendant failed to pay rent due __April 1st 2012__.
5. Plaintiff served defendant with a notice on __April 15th 2012__ to pay the rent or deliver possession, but defendant refuses to do either.
   __Lease has expired / Non Renewel given orally and written.__

WHEREFORE, plaintiff demands judgment for possession of the property against the defendant.

B-1

# IN THE COUNTY COURT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. _____

_____
Plaintiff(s)

-vs-

_____
Defendant(s)

## AFFIDAVIT OF MILITARY STATUS

STATE OF FLORIDA
COUNTY OF PALM BEACH

_____ [Name of affiant], being first duly sworn according to law by the undersigned authority, states to the Court as follows:

1. Affiant is the _____ [specify, e.g. attorney of record for the _____ (specify moving party, e.g., Plaintiff in the above-entitled action)].

[CHOOSE ONE OF THE FOLLOWING:]

2a. _____ [State facts showing that the defaulting party is not in the military service, such as an admission by the defaulting party or letters from the various military services denying knowledge of the party.]

```
_____
_____
_____ NOT IN MILITARY SERVICE _____
_____
_____
```

-- [OR] --

C-1

## COUNT II – FOR DAMAGES

Plaintiff sues defendant and states:

6. Plaintiff realleges paragraphs 1 through 5 above.

7. This is an action for damages in the amount of $ 1500 00 that is due for rent for the period of April 1 - May 1 2012.

_____ 8. (Check this line and appropriate subheadings(s) if applicable)

In addition to the past due rent, Plaintiff seeks damages for

    a) _____ destruction of property and damage to premises as explained and itemized herein To be completed after eviction complete and writ of possession executed.

    b) _____ Other damages

    c) _____ Costs  Court, Parking, office supplies - stamps

WHEREFORE, Plaintiff demand judgment for damages and costs against defendant(s).

Signature: *Michael Lerman*
Name [print]: MICHAEL LERMAN
Address: 44 OHIO RD
City, State, Zip Code: LAKE WORTH Fl 33467
Telephone: (561) 386 3104 cell

B-2

# **NON RENEWAL NOTICE**

To:  Pricilla Melendez                                        Date: March 3, 2012

   1445 Scottsdale Road  E

   West Palm Beach Fla 33417


This letter is to advise you that in accordance with paragraph 1 of your Residential lease agreement, the property owner, Michael Lerman is giving you official notice that your lease is expired.

Please be advised that we will not be renewing your lease agreement nor, will you be given the opportunity to remain as a month to month resident. YOU MUST MAKE ARRANGEMENTS TO VACATE THE PREMISES KNOWN AS "1445 Scottsdale Rd E "

If you fail to turn in the keys and do not vacate by the end of the day of March 30th, we shall have no alternative but to advise our attorney's office to proceed in regaining possession of your unit. Please read paragragh 17 "Default" in your lease agreement as far as lessor recovering fees cort cost etc.

Please govern yourselves accordingly,

Property Owner: _____

   This notice has been served  by posting notice in absence of tenant

# THREE DAY NOTICE

Date: April 15th, 2012

To:    Pricilla Melendez

You are notified that you are indebted to me in the sum of $1500.00 for the April 1st - May 1st lease payment for the property located at 1445 Scottsdale Road East, County of Palm Beach, Florida, now occupied by you.

I demand payment or possession of said premises within (3) days (excluding Saturdays, Sundays, and legal holidays) from the date of delivery of this notice.

To wit: on or before the April 18th, 2012 by 11:59pm

*PLEASE GOVERN YOURSELF ACCORDINGLY!*

I certify that I served a true and correct copy of the foregoing Notice on the above named tenant(s) this 19th day of March 2012 at 11:30 (a.m.)

__x_ personally serving same upon said tenant.

___ posting same at the above described premises in the absence of said tenant,

Served by:  Michael Lerman

Witnessed by:_____

Landlord: Michael Lerman
Address: 44 Ohio Road
         Lake Worth Fl 33467

Phone:  (561) 386-3104

CC to tenant email address

| A237-10 | **LEASE WITH PURCHASE OPTION** |
|---|---|
| R237-04 | |

BY THIS AGREEMENT made and entered into on _July 2_, _2011_ (year), between _Michael R Cermia_ @ 44 Ohio Rd, Lake Worth Fl 53467 herein referred to as Lessor, and _Pricilla Melendez_ 1445 Scottsdale Rd "E", herein referred to as Lessee, Lessor leases to Lessee the premises situated at , in the City of _WPB_, County of _Palm Beach_ State of _Florida_ , and more particularly described as follows:

together with all appurtenances, for a term of _6 mo_ ~~years~~, to commence on _July 15_ , _2011_ (year), and to end on _Jan 1st_ , _2012_ (year), at _12_ o'clock _P_ . m.

**1. Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of _fifteen hundred_ Dollars ($ _1500.00_ ) per month in advance on the _1st (First)_ day of each calendar month beginning _August_ 1 , _2011_ (year), payable at _44 Ohio Rd L.W. Fl_ , City of , State of , or at such other place as Lessor may designate. _33467_

**2. Security Deposit.** On execution of this lease, Lessee deposits with Lessor _fourteen hundred_ Dollars ($ _1400 00/100_ ), receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, on the full and faithful performance by him of the provisions hereof.

**3. Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

**4. Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as , and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for any other purpose. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the term of this lease.

**5. Condition of Premises.** Lessee stipulates that he has examined the demised premises, including the grounds and all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and in a safe, clean, and tenantable condition.

**6. Assignment and Subletting.** Without the prior written consent of Lessor, Lessee shall not assign this lease, or sublet or grant any concession or license to use the premises or any part thereof. A consent by Lessor to one assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment, subletting, concession, or license. An assignment, subletting, concession, or license without the prior written consent of Lessor, or an assignment or subletting by operation of law, shall be void and shall, at Lessor's option, terminate this lease.

**7. Alterations and Improvements.** Lessee shall make no alterations to the buildings or the demised premises or construct any building or make other improvements on the demised premises without the prior written consent of Lessor. All alterations, changes, and improvements built, constructed, or placed on the demised premises by Lessee, with the exception of fixtures removable without damage to the premises and movable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the demised premises at the expiration or upon sooner termination of this lease.

**8. Damage to Premises.** If the demised premises, or any part thereof, shall be partially damaged by fire or other casualty not due to Lessee's negligence or willful act or that of his employee, family, agent, or visitor, the premises shall be promptly repaired by Lessor and there shall be an abatement of rent corresponding with the time during which, and the extent to which, the leased premises may have been untenantable; but, if the leased premises should be damaged other than by Lessee's negligence or willful act or that of his employee, family, agent, or visitor to the extent that Lessor shall decide not to rebuild or repair, the term of this lease shall end and the rent shall be prorated up to the time of the damage.

**9. Dangerous Materials.** Lessee shall not keep or have on the leased premises anything of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the leased premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**10. Utilities.** Lessee shall be responsible for arranging for and paying for all utility services required on the premises, except that shall be provided by Lessor.

**11. Maintenance and Repair.** Lessee will, at his sole expense, keep and maintain the leased premises and appurtenances in good and sanitary condition and repair during the term of this lease and any renewal thereof. In particular, Lessee shall keep the fixtures on or about the leased premises in good order and repair; keep the furnace clean; keep the electric bells in order; keep the walks free from dirt and debris; and, at his sole expense, shall make all required repairs to the plumbing, range, heating apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor. Major maintenance and repair of the leased premises, not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns. Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.

**12. Right of Inspection.** Lessor and his agents shall have the right at all reasonable times during the term of this lease and any renewal thereof to enter the demised premises for the purpose of inspecting the premises and all building and improvements thereon.

**13. Display of Signs.** During the last _____ days of this lease, Lessor or his agent shall have the privilege of displaying the usual "For Sale" or "For Rent" or "Vacancy" signs on the demised premises and of showing the property to prospective purchasers or tenants.

**14. Subordination of Lease.** This lease and Lessee's leasehold interest hereunder are and shall be subject, subordinate, and inferior to, any liens or encumbrances now or hereafter placed on the demised premises by Lessor, all advances made under any such liens or encumbrances, the interest payable on any such liens or encumbrances, and any and all renewals or extensions of such liens or encumbrances.

**15. Holdover by Lessee.** Should Lessee remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new month-to-month tenancy shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but shall be terminated on _____ days' written notice served by either Lessor or Lessee on the other party.

**16. Surrender of Premises.** At the expiration of the lease term, Lessee shall quit and surrender the premises hereby demised in as good state and condition as they were at the commencement of this lease, reasonable use and wear thereof and damages by the elements excepted.

**17. Default.** If any default is made in the payment of rent, or any part thereof, at the times hereinbefore specified, or if any default is made in the performance of or compliance with any other term or condition hereof, this lease, at the option of Lessor, shall terminate and be forfeited, and Lessor may re-enter the premises and remove all persons therefrom. Lessee shall be given written notice of any default or breach, and termination and forfeiture of the lease shall not result if, within _____ days of receipt of such notice, Lessee has corrected the default or breach or has taken action reasonably likely to effect such correction within a reasonable time. Lessee shall pay all reasonable attorneys' fees necessary to enforce lessor's rights.

**18. Abandonment.** If at any time during the term of this lease Lessee abandons the demised premises or any part thereof, Lessor may, at his option, enter the demised premises by any means without being liable for any prosecution therefore, and without becoming liable to Lessee for damages or for any payment of any kind whatever, and may, at his discretion, as agent for Lessee, relet the demised premises, or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Lessor's option, hold Lessee liable for any difference between the rent that would have been payable under this lease during the balance of the unexpired term, if this lease had continued in force, and the net rent for such period realized by Lessor by means of such reletting. If Lessor's right of re-entry is exercised following abandonment of the premises by Lessee, then Lessor may consider any personal property belonging to Lessee and left on the premises to also have been abandoned, in which case Lessor may dispose of all such personal property in any manner Lessor shall deem proper and is hereby relieved of all liability for doing so.

**19. Binding Effect.** The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this lease.

**20. Radon Gas Disclosure.** As required by law, (Landlord) (Seller) makes the following disclosure: "Radon Gas" is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in _____. Additional information regarding radon and radon testing may be obtained from your county public health unit.

**21. Lead Paint Disclosure.** "Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real estate is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspection in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase."

**22. Purchase Option.** It is agreed that Lessee shall have the option to purchase real estate known as:

for the purchase price of *two hundred thirty thousand* Dollars ($ 230,000 ⁰⁰) with a down payment of *eleven thousand* Dollars ($ 11,000.00) payable upon exercise of said purchase option, and with a closing date no later than 60 days thereafter. This purchase option must be exercised in writing no later than _____, _____ (year), but shall not be effective should the Lessee be in default under any terms of this lease or upon any termination of this lease.

```
Upon executing this agreement on or before the end of the 12th
month from today date, for each month from the start of this
agreement a credit of $  800 ⁰⁰  per month will be given toward
the purchase price for a maximum credit not to exceed $ 9600 ⁰⁰
towards down payment
N/A  A) Tenant is responsible for lost Gate Card replacement.
     B) Unit must be in rentable condition for full deposit (carpets
        and unit cleaned and painted).
     C) $ 10.00 per day late fee for each day rent is past due date.
     D) Content Insurance is the responsibility of the tenant.
     E) Tenant is responsible for any fees or fines due to Rules
        and Regulations infractions imposed on Lessor.

IN WITNESS WHEREOF, the parties have executed this lease on
the day and year first above written.
```

_____        _____
Lessor                                  Lessee

May 18th, 2012

In the County Court For
Palm Beach County, Florida
Case # 502012CC005382 XXXXMB

Michael Lerman,
Plaintiff

Vs.

Pricilla Melendez
Defendant

Dear Judge Caroline Cahill Shepherd,
    County Court Judge

Is it possible to petition the court to make a motion to proceed against the "Order on Stay of Eviction" without pursuing money damages in order to acquire writ of possession? At this time, the defendant has not paid his lease payment and I need to have him removed or I will surely loose this property. I just want them out so I can repair and rent this property to new tenants.

As of this date, the Lessee has not allowed the Lessor or his workers inside, to begin repairs as requested. With all this rain the property is being absolutely destroyed. The defendant argued that repairs were to be made "outside" This phone call was made by defendant on Tuesday the 15th of May, 2012. The defendant has a very aggressive dog that has not been given permission onto the premises and has children home without parental supervision at times so I will not enter premises until these issues are addressed.

Thank You for your help in this matter,

Michael Lerman

CC: Judge Caroline Cahill Shepherd
    Pricilla Melendez

A237-10
R237-04

# LEASE WITH PURCHASE OPTION

BY THIS AGREEMENT made and entered into on July 2, 2011 (year), between Michael R German @ 44 OHIO RD, L ake Worth Fl. 53467 herein referred to as Lessor, and Prucilla Melendez 1445 Scottsdale Rd "E", herein referred to as Lessee, Lessor leases to Lessee the premises situated at _____, in the City of WPB, County of Palm Beach State of Florida, and more particularly described as follows:

together with all appurtenances, for a term of 6 MO years, to commence on July 15, 2011 (year), and to end on Jan 1st, 2012 (year), at 12 o'clock P. m.

**1. Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of fifteen hundred Dollars ($ 1500.00 ) per month in advance on the 1st (First) day of each calendar month beginning August 1, 2011 (year), payable at 44 OHIO RD L.W Fl, City of _____, State of _____, or at such other place as Lessor may designate. 33467

**2. Security Deposit.** On execution of this lease, Lessee deposits with Lessor fourteen hundred Dollars ($ 1400 00/100 ), receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, on the full and faithful performance by him of the provisions hereof.

**3. Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

**4. Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as _____, and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for any other purpose. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the term of this lease.

**5. Condition of Premises.** Lessee stipulates that he has examined the demised premises, including the grounds and all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and in a safe, clean, and tenantable condition.

**6. Assignment and Subletting.** Without the prior written consent of Lessor, Lessee shall not assign this lease, or sublet or grant any concession or license to use the premises or any part thereof. A consent by Lessor to one assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment, subletting, concession, or license. An assignment, subletting, concession, or license without the prior written consent of Lessor, or an assignment or subletting by operation of law, shall be void and shall, at Lessor's option, terminate this lease.

**7. Alterations and Improvements.** Lessee shall make no alterations to the buildings or the demised premises or construct any building or make other improvements on the demised premises without the prior written consent of Lessor. All alterations, changes, and improvements built, constructed, or placed on the demised premises by Lessee, with the exception of fixtures removable without damage to the premises and movable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the demised premises at the expiration or upon sooner termination of this lease.

**8. Damage to Premises.** If the demised premises, or any part thereof, shall be partially damaged by fire or other casualty not due to Lessee's negligence or willful act or that of his employee, family, agent, or visitor, the premises shall be promptly repaired by Lessor and there shall be an abatement of rent corresponding with the time during which, and the extent to which, the leased premises may have been untenantable; but, if the leased premises should be damaged other than by Lessee's negligence or willful act or that of his employee, family, agent, or visitor to the extent that Lessor shall decide not to rebuild or repair, the term of this lease shall end and the rent shall be prorated up to the time of the damage.

**9. Dangerous Materials.** Lessee shall not keep or have on the leased premises anything of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the leased premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**10. Utilities.** Lessee shall be responsible for arranging for and paying for all utility services required on the premises, except that _____ shall be provided by Lessor.

**11. Maintenance and Repair.** Lessee will, at his sole expense, keep and maintain the leased premises and appurtenances in good and sanitary condition and repair during the term of this lease and any renewal thereof. In particular, Lessee shall keep the fixtures on or about the leased premises in good order and repair; keep the furnace clean; keep the electric bells in order; keep the walks free from dirt and debris; and, at his sole expense, shall make all required repairs to the plumbing, range, heating apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor. Major maintenance and repair of the leased premises, not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns. Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.